# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
SANDRA HERZIG,                      *
                                    *     No. 18-218V
               Petitioner,          *
                                    *     Special Master Christian J. Moran
                                    *
v.                                  *     Filed: July 16, 2019
                                    *
SECRETARY OF HEALTH                 *     Attorneys' Fees and Costs
AND HUMAN SERVICES,                 *
                                    *
               Respondent.          *
* * * * * * * * * * * * * * * * * ** *
```

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Julia M. Collison, United States Dep't of Justice, Washington, DC, for
Respondent.

### UNPUBLISHED DECISION AWARDING
### ATTORNEYS' FEES AND COSTS[1]

On April 4, 2019, petitioner Sandra Herzig moved for final attorneys' fees
and costs. She is awarded **$20,713.98**.

---

[1] The undersigned intends to post this Ruling on the United States Court of
Federal Claims' website. This means the ruling will be available to anyone with
access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14
days to identify and move to redact medical or other information, the disclosure of
which would constitute an unwarranted invasion of privacy.  If, upon review, the
undersigned agrees that the identified material fits within this definition, the
undersigned will redact such material from public access. Because this unpublished
ruling contains a reasoned explanation for the action in this case, the undersigned
is required to post it on the United States Court of Federal Claims' website in
accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)
(Federal Management and Promotion of Electronic Government Services).

\*       \*       \*

On February 13, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the influenza ("flu") vaccine Ms. Herzig received on September 20, 2016, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused her to suffer Guillain-Barré syndrome. On February 12, 2019, the parties filed a Proffer, which the undersigned adopted as his Decision awarding damages on February 13, 2019.

On April 4, 2019, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $19,265.30 and attorneys' costs of $1,933.68 for a total request of $21,198.98. Fees App. at 1-2. Pursuant to General Order No. 9, petitioner states that she has not personally incurred any costs in pursuit of this litigation. Id. at 2. On April 4, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*       \*       \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 The undersigned has reviewed the rates that petitioner has requested for the work of her counsel (the billing records indicate that most of the attorney work was handled by Ms. Christina Ciampolillo, but Mr. Homer, Mr. Joseph Pepper, and Ms. Meredith Daniels also worked on this case) and finds the requested rates to be reasonable and in conformance with what Conway, Homer, P.C. attorneys have previously been awarded for their Vaccine Program work, with one exception. Petitioner requests that Mr. Pepper be compensated at $331.00 per hour for his work in 2019. Previously, other special masters who have considered Mr. Pepper's 2019 rate have awarded him $325.00 per hour. *See Curri v. Sec'y of Health & Human Servs.*, No. 17-432V, 2019 WL 2636032, at *2-3 (Fed. Cl. Spec. Mstr. May 28, 2019). The undersigned agrees with the reasoned analysis in *Curri* that $325.00 per hour is reasonable for Mr. Pepper's 2019 work. Accordingly, the final award of fees shall be reduced by **$0.60** to reflect this rate adjustment.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the billing records and finds the number of hours billed (101.4) to be largely reasonable, with only minor reductions to

paralegal time necessary. The only reductions are for administrative time billed on receiving and preparing documents to be reviewed and/or filed, and for a 1.0 hour entry on "case finalization", which the undersigned finds to be vague as it does not describe the work being performed. Fees App. at 17. Accordingly, the undersigned will reduce the award of fees by **$484.40** to account for these entries. Petitioner is therefore entitled to final attorneys' fees in the amount of **$18,780.30**.

### C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $1,933.68 in costs, comprised of acquiring medical records, postage, and the Court's filing fee. Fees App. at 17-18. These costs are typical of Vaccine Program litigation and petitioner has provided adequate documentation to support them. Respondent has not identified any of the costs as objectionable, and the undersigned finds them to be reasonable. Accordingly, petitioner is entitled to a final award of costs in the amount of **$1,933.68**.

### E.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$20,713.98** (representing $18,780.30 in attorneys' fees and $1,933.68 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Conway, Homer, P.C.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.